

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

January 25, 1950

Hon. George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas                    Opinion No. V-989

Re: The authority of a life
insurance company, which
owns home office prop-
erties in another state,
to own real estate for
Dear Sir:                        a branch office in Texas.

          Your request for an opinion presents the ques-
tion of whether a life insurance company organized under
the laws of another state in which it has its home of-
fice and in which it owns home office properties, but
licensed to transact business in Texas, may own an of-
fice building in Texas for use in connection with the
transaction of its business in this State.

          In your opinion request you advised of the
following:

          "The Washington National Insurance Com-
     pany is an Illinois life, health and accident
     company with its home offices in Chicago and
     its executive offices in Evanston, Illinois.
     It is presently licensed to do business in
     Texas and has been so licensed for a number
     of years.  It owns home office properties in
     Evanston in which its principal records are
     located and from which its principal business
     is transacted.

          "It has recently purchased a vacant lot
     in Houston, Texas, on which it has erected a
     one-story brick building which is used ex-
     clusively as a branch office for the trans-
     action of such of its business as is neces-
     sary for that area. ...

          "Please advise me whether Washington Na-
     tional Insurance Company is authorized to own

and hold real estate under discussion
for the purposes above outlined."

In studying this question we have carefully
considered the view of the Board of Insurance Commis-
sioners as presented in your opinion request, briefs
submitted by interested parties, and Attorney General's
Opinions Nos. O-5823, O-1470, O-4556, O-4587, O-4587-A,
O-5250, and O-5250-A, by previous administrations.

Article 4726, V.C.S., provides in part:

"Every such insurance company may
secure, hold and convey real property only
for the following purposes and in the fol-
lowing manner:

"(1) One building site and office
building for its accommodations in the
transaction of its business and for lease
and rental; . . . Provided, that an ac-
quisition of such an office building on
leased ground shall be approved by the
Board of Insurance Commissioners of the
State of Texas before such investment."

Does this article impliedly prohibit a foreign
insurance company which owns office properties in an-
other state from owning an office building in Texas?  We
think not.  Any implication to that effect found in Ar-
ticle 4726 is overcome by Articles 4765 and 4766, V.C.S.

Article 4765, V.C.S., reads as follows:

"Each life insurance company now en-
gaged, or that may hereafter engage in trans-
acting the business of life insurance in
this State, shall, as a condition of its
right to transact such business in this State,
invest and keep invested in Texas securities
and in Texas real estate as hereinafter pro-
vided, a sum of money equal to at least
seventy-five per cent of the aggregate a-
mount of the legal reserve required by the
laws of the State of its domicile, ..."
(Emphasis ours).

Article 4766, as amended, Acts 51st Leg., R.S.
1949, Chapter 438, p. 813, provides, in part, as follows:

"... The investments required by this Chapter may be made by the purchase of not more than one building site, and in the erection thereon of not more than one office building, or in the purchase, at its reasonable market value, of such office building already constructed and the ground upon which the same is located in any city of the State of more than four thousand (4000) inhabitants...."

We are of the opinion that Article 4766, when read with Article 4765, expressly authorizes a foreign insurance company to own one office building in this State, even though it may own home office properties in another state. We do not believe that it was the intention of the Legislature in enacting Article 4766 to give permission to own one office building to a foreign insurance company only when it did not own a home office building, since many if not most foreign insurance companies would be expected to own home office buildings in the state where their home offices are located.

In further support of our opinion, we invite your attention to Article 4762, V.C.S., which provides:

"The assets of any company not organized under the laws of this State shall be invested in securities or property of the same classes permitted by the laws of this State as to home companies or by other laws of this State in other securities approved by the Commissioner as being substantially the same grade."

The above quoted Article was referred to in Attorney General's Opinion O-5823 in which it was said:

"It is our opinion, therefore, that any foreign insurance company authorized to transact in this state any or all kinds of insurance above named under the provisions of Chapter 3, Title 78, (Articles 4716-4764b) is authorized to own real estate in this State as authorized by Article 4726, but that same must also be alienated as provided thereby." (Emphasis ours).

The opinion quoted above points out that foreign insurance companies authorized to transact business in Texas have the same privileges in Texas as domestic insurance companies. Accordingly, we think any foreign insurance company may own in Texas one office building as permitted to domestic companies under Article 4726. We are also of the opinion, as indicated above, that Article 4766 expressly authorizes out-of-state insurance companies to own one office building in Texas.

### SUMMARY

A foreign insurance company licensed to do business in Texas may own one office building for use in connection with its business transactions in this area, even though such insurance company owns home office properties in another state.

APPROVED:

Ned McDaniel
State Affairs Division

Charles D. Mathews
Executive Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By V. F. Taylor,
Assistant